IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                                              ) | |
|           Plaintiff,    ) | |
|                                                              ) | |
| v.                                                        )   | No.  06-10251-06 |
|                                                              ) | |
| MARQUITA CHAPMAN,            ) | |
| a/k/a "KIKI" a/k/a "KIDA" FNU LNU,    ) | |
|                                                              ) | |
|           Defendant.    ) | |
|                                                              ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report and her alternative request for a sentencing departure or variance. The court orally denied these requests at the sentencing hearing of April 9, 2007. This written memorandum will supplement the court's oral ruling.

The defendant argues the court should grant a reduced sentence or house arrest. She states she is a single mother of three minor children who has no significant prior criminal involvement. She points out that she qualified for the "safety valve" reduction. Defendant argues she was a minor or minimal participant in the offense and should be given a 2-4 level reduction under USSG 3B1.2. Defendant further argues, based on the statutory factors of 18 U.S.C. § 3553(a), that the court should consider alternatives to prison such as house arrest that would allow the defendant to be at home with her children.

Section 3B1.2 is intended to provide "a range of adjustments for a defendant who plays a part in committing the offense that makes [her] substantially less culpable than the average participant."

U.S.S.G. § 3B1.2 cmt. n. 3(A). The defendant's culpability "involves a determination that is heavily dependent upon the facts of the particular case." *Id*. § 3B1.2 cmt. n. 3(C). Among other factors, the minor participant inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1277 (10th Cir. 2004). A defendant bears the burden of proving, by a preponderance of the evidence, that she is entitled to a reduction under § 3B1.2. *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1131 (10th Cir. 2003).

As the Government points out, the defendant made arrangements with a Confidential Informant (CI) on the phone and agreed to deliver crack cocaine to him. She then met with the CI, negotiated a price, and sold the crack cocaine to him. Defendant asserts that she was less involved than other participants in the offense, but the court cannot accept her assertions alone as establishing that she played a mitigating role in the offense. The uncontroverted facts show a significant role in the offense. Moreover, because the defendant has only been held responsible for the amount of drugs she personally distributed rather than a wider-ranging scope of activity, a mitigating role reduction is not warranted for that reason as well. *See United States v. James*, 157 F.3d 1218, 1220 (10th Cir. 1998). Under the circumstances, the defendant does not qualify for a mitigating role reduction.

The court recognizes that the federal sentencing guidelines are advisory, and that under § 3553(a) the court is to consider a number of factors (including the guideline range) in determining the sentence. After considering these factors, the court finds a sentence at the low end of the guideline range is appropriate in this case. The need to reflect the seriousness of the offense, to promote respect for the law, to provide adequate deterrence, and to protect the public from further

crimes of the defendant all weigh in favor of such a sentence.  The defendant's argument that she would receive a lighter sentence if she had been charged in state court is not a persuasive reason for imposing a lower sentence.  Such an argument is contrary to the federal interest in maintaining uniformity in sentencing among defendants who commit federal offenses.  *United States v. Branson*, 463 F.3d 1110, 1112 (10th Cir. 2006).

*Conclusion*.

Defendant's objection to the Presentence Report is DENIED.  Defendant's Motion for a Departure or Sentencing Variance (Doc. 45) is also DENIED.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this  10th   Day of  April, 2007, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge